## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENDINGCLUB CORPORATION,<br><br>Defendant. | CIVIL ACTION<br><br><br>Case No. _____22-932_____<br><br><br>CLASS ACTION |

## NOTICE OF REMOVAL

Defendant LendingClub Corporation ("LendingClub") files this Notice of Removal from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. This Court has jurisdiction under 28 U.S.C. §§ 1332(d)(2) (Class Action Fairness Act ("CAFA")) and 1453.

In further support of this Notice of Removal, LendingClub states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1.     On March 8, 2022, Plaintiff John Strong filed this class action in the Court of Common Pleas for Allegheny County, Pennsylvania, Case No. GD-22-002580. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**. Exhibit 1 constitutes all of the process, pleadings, and orders served in this case and is attached hereto pursuant to 28 U.S.C. § 1446(a).

2.     Plaintiff asserts claims for violations of the Pennsylvania Loan Interest and Protection Law, 41 P.S. §§ 101 *et seq*. (LIPL), the Pennsylvania Consumer Discount

Company Act (CDCA), 7 P.S. §§ 6201, *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201, *et seq.* (*See* Compl. ¶ 1). Plaintiff bases those claims on LendingClub allegedly charging an impermissibly high simple annual interest rate on Plaintiff's loan. (*See, e.g.*, Compl. ¶¶ 9–15, 21, 40-49). Plaintiff alleges that, but for LendingClub's interest rate and fees, his payments would have been "much less, making it easier for Strong to repay the loan and decreasing the chance Strong would default." (*Id.* ¶ 54).

3.      Plaintiff seeks actual, statutory, and treble damages, and "all other damages available by law, along with pre- and post-judgment interest" damages. (*Id.* ¶ Prayer for Relief).

4.      He also seeks attorneys' fees and costs, and "all other relief that is just, equitable, and appropriate." (*Id.* ¶¶ Prayer for Relief, 73, 79, 84).

5.      Further, Plaintiff asserts those same claims – and seeks the same relief – on behalf of a putative class, which he defines as:

> All persons who obtained a loan from LendingClub with an Allegheny County address and paid interest and fees that aggregated in excess of 6% simple interest per year within the applicable statute of limitations.

(*Id.* ¶ 61). Plaintiff asserts that "[t]here are likely hundreds of members of the class." (*Id.* ¶ 63).

6.      Further, Plaintiff claims that he "and the class members are entitled to recover triple the amount of any excess interest and charges . . . ." (*Id.* ¶ 73).

7.      Additionally, Plaintiff seeks declaratory relief, requesting an "order declaring Defendant's conduct unlawful." (*Id.* ¶ Prayer for Relief).

## PARTIES

8.      Plaintiff is a citizen of Pennsylvania. (Compl. ¶ 5.)

2

9.      LendingClub is a corporation organized under the laws of the State of Delaware, and its main office and principal place of business is located in San Francisco, California. (Declaration of Jeremy Carlson ¶ 5) ("Carlson Decl."). Therefore, LendingClub is a citizen of Delaware and California for purposes of diversity jurisdiction.

**TIMELINESS OF REMOVAL**

10.      Plaintiff filed the Complaint on March 8, 2022.

11.      Plaintiff served LendingClub on May 26, 2022. As a result, LendingClub would be filing this Notice of Removal within the 30-day window provided by 28 U.S.C. § 1446(b).

12.      However, as Plaintiff's Complaint does not describe a basis for federal jurisdiction, the Complaint does not trigger the 30-day window under 28 U.S.C. § 1446(b).  *See North v. Portfolio Recovery Assocs., LLC*, No. 2:20-20190, 2021 U.S. Dist. LEXIS 164057, at *10 (D.N.J. Aug. 30, 2021) ("[I]n the face of an indeterminate pleading, the thirty-day removal clock does not begin to run until litigation documents, subsequent to the initial pleading, reveal facts supporting removal.").

13.      And for CAFA purposes, when the 30-day removal clock has not been triggered, a defendant may remove the case at any time once they determine, based upon a review of their own records, that the action meets CAFA's requirements. *See, e.g., Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 594-595 (D.N.J. 2016); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 146-48 (2d Cir. 2014); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124-26 (9th Cir. 2013).

## BASIS FOR REMOVAL JURISDICTION

14.    CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants.  *Id.* § 1332(d)(1)(B).  The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000.  *Id.* § 1332(d)(2)(A), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013).  A defendant sued in a class action in state court is presumptively entitled to remove the proceedings to federal court when these three CAFA requirements are satisfied.

15.    This action meets all requirements for CAFA jurisdiction.

16.    This action meets CAFA's definition of "class action," because it was "filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute authorizing an action to be brought by one or more representative persons as a class action," *id.* § 1332(d)(1)(B), specifically here 231 Pa. Code 1700 *et seq.*, which governs class actions in Pennsylvania.[1]  (*See* Compl. ¶ 60).

---

[1]    Congress instructed courts to interpret the CAFA's definition of "class action" broadly.  *See, e.g., Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008) (citing S. Rep. No. 109-14, at 35 (2005)); *see also West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 448 (E.D. Pa. 2010) (citing cases acknowledging Congress's intent to expand federal jurisdiction over class actions).

17.     This action also meets CAFA's minimal diversity requirement because, as discussed above, Plaintiff and LendingClub are citizens of different states.[2] (Carlson Decl. ¶ 5); (Compl. ¶ 5).

18.     The action also satisfies the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B), as it features a putative class that, according to Plaintiff, includes "likely hundreds of members[.]" (Compl. ¶ 63). That estimate exceeds the minimum 100 putative class members required under CAFA. Additionally, LendingClub has calculated that there are more than 100 persons who received loans and have an Allegheny County address. (Carlson Decl. ¶ 7).

19.     Finally, the amount in controversy for the putative class exceeds the CAFA jurisdictional threshold of $5,000,000. Plaintiff seeks actual and statutory damages sustained as a result of Defendant's alleged behavior in violation of the statutes. (*Id.* ¶ Prayer for Relief.) Focusing solely on claimed potential actual damages for the class, the difference between the amount of interest paid by all individuals in Allegheny County on loans originated within the applicable statute of limitations, and the amount of interest they would owe at a 6% simple interest rate, totals in excess of $6 million. (Carlson Decl. ¶ 10). Moreover, Plaintiff seeks "triple the amount of any excess interest and charges[.]" (Compl. ¶ 70). Even without trebling this figure, the $6 million in interest far exceeds the $5 million threshold.

---

[2]     Moreover, because the only defendant, LendingClub, is a citizen of Delaware and California, CAFA's "local controversy" exception cannot apply here, as there is not "at least 1 defendant … who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

20.     Further, the "Third Circuit has held that an uncabined damage request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million, like that found here, is sufficient to establish the amount in controversy for CAFA purposes." *Dicuio v. Brother Int'l Corp.*, No.: 11-1447, 2011 U.S. Dist. LEXIS 131553, at *8 (D.N.J. Nov. 15, 2011).

21.     Additionally, Plaintiff seeks an "order declaring Defendant's conduct unlawful." (Compl. ¶ Prayer for Relief). The value of requested declaratory relief is considered – here, the effect on LendingClub's lending operations – when assessing whether a jurisdictional threshold has been met.

22.     And, as was also discussed above, the putative class seeks attorney's fees, and "all other relief that is just, equitable, and appropriate." The attorney's fees, in particular, for a class action, "could be as much as thirty percent of the judgment." *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (citing *In re Rite Aid Corp. Securities Litig.*, 396 F.3d 294, 303 (3d Cir. 2005)), in which the court noted a study done by the Federal Judicial Center found the median percentage recovery of attorney's fees in class actions over a four-year period was 27-30%).

23.     "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). From all of the foregoing, it is clear the amount in controversy here satisfies CAFA.[3]

---

[3]     LendingClub reserves the right to contest every aspect of Plaintiff's case, including the calculation and amount of damages sought by Plaintiff. LendingClub also reserves its right to assert all applicable affirmative defenses, including that the dispute at issue is subject to arbitration.

## <u>REMOVAL TO THE WESTERN DISTRICT OF PENNSYLVANIA IS PROPER</u>

24.    Removal to the Western District of Pennsylvania, Pittsburgh Division, is proper because it is the district and division within which the state action is pending.  *See* 28 U.S.C. § 1446(a).

## <u>NOTICE TO STATE COURT AND PLAINTIFF</u>

25.    Counsel for LendingClub certifies, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Court of Common Pleas for Allegheny County, Pennsylvania, and served upon counsel for Plaintiff promptly.  A true and correct copy of LendingClub's Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**.

WHEREFORE, the case now pending in the Court of Common Pleas for Allegheny County, Pennsylvania, No. GD-22-002580, is hereby removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1453.

Dated: June 23, 2022                    Respectfully submitted,


                                       */s/ Victoria D. Summerfield*
                                       Justin G. Weber (PA 89266)
                                       TROUTMAN PEPPER
                                       HAMILTON SANDERS LLP
                                       100 Market Street, Suite 200
                                       Harrisburg, PA  17101
                                       717.255.1155
                                       justin.weber@troutman.com

                                       Victoria Summerfield (PA 311540)
                                       TROUTMAN PEPPER HAMILTON
                                       SANDERS LLP
                                       Union Trust Building
                                       501 Grant Street, Third Floor
                                       Pittsburgh, PA 15219

412.454.5033
victoria.summerfield@troutman.com

*Attorneys for Defendant*
*LendingClub Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 23, 2022, I caused a true and correct copy of the

foregoing to be served by first class mail and email upon the following:

Kevin Abramowicz
Kevin W. Tucker
Chandler Stieger
Stephanie Moore
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff*

Dated: June 23, 2022                          */s/ Victoria D. Summerfield*
                                              Victoria D. Summerfield